UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAVALAS CROSBY, ) | Case No. 1:12CV762 |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | Magistrate Judge George J. Limbert |
| MARGARET BRADSHAW, WARDEN, ) | **Report and Recommendation of Magistrate Judge** |
| Respondent. ) | |

On March 8, 2012[1], Petitioner Savalas Crosby ("Petitioner"), acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during a hearing held pursuant to *State v. Barnes,* 122 Ohio St.3d 200, 909 N.E.2d 1254, in the Cuyahoga County, Ohio Court of Common Pleas, and the appeal to the Eighth District Court of Appeals that followed. On September 10, 2012, Respondent Margaret Bradshaw, Warden of Richland Correctional Institute ("Respondent"), where Petitioner is incarcerated, filed an answer/return of writ. ECF Dkt. #6. On October 18, 2012, the undersigned granted Petitioner's motion for extension of time to file his traverse until November 13, 2012. On November 8, 2012, the undersigned granted Petitioner's second motion for extension of time to file his traverse until December 13, 2012. Petitioner filed his traverse on November 28, 2012. ECF Dkt. #12. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

## I. PROCEDURAL HISTORY

On August 21, 2002, the trial court sentenced Petitioner to serve a term of imprisonment of fifteen years to life for his conviction by jury of one count of murder, in violation of O.R.C. 2903.02(A), with a three-year firearm specification to be served consecutively to the sentence imposed for murder, as well as a term of imprisonment of six months for his conviction by the trial court of one count of having a weapon under disability, in violation of O.R.C. 2923.13, the sentence to run concurrently with the sentence for murder, for an aggregate term of eighteen years to life. ECF Dkt. #6-1, Page ID#57.  Petitioner's conviction and sentence were the subject of a *pro se* federal habeas petition, which was filed on February 23, 2006 and dismissed on May 5, 2007 as being time-barred.  ECF Dkt. #6-8, Page ID#255-259.  Petitioner filed a timely appeal, which the Sixth Circuit Court of Appeals construed as an application of appealability, which was denied on January 22, 2008.  ECF Dkt. #6-8, Page ID#261.

On May 24, 2010, the trial court conducted the hearing at issue in the petition. An understanding of the hearing and Petitioner's claims in the petition involves a lengthy review of Ohio law as it relates to the imposition of postrelease control.  R.C. 2967.28(B) requires a sentencing court imposing a prison term on a first- or second-degree felony offender or certain other offenders to notify them that a period of mandatory postrelease control will be imposed by the parole board upon release from prison.  In addition, R.C. 2929.19 mandates that a court, when imposing sentence, must notify the offender at the hearing that he will be supervised pursuant to R.C. 2967.28 and that upon violating supervision or a condition of postrelease control, the parole board may impose a prison term of up to one-half of the prison term originally imposed upon the offender. See, e.g., R.C. 2929.19(B)(3)(c) and (e).

In *State v. Jordan* (2004), 104 Ohio St.3d 21, 817 N.E.2d 864, the Ohio Supreme Court held that any sentence imposed without notification of postrelease control is contrary to law and void. The Ohio General Assembly enacted a statute, R.C. § 2929.191, effective July 11, 2006, which provides that a court which failed to advise a defendant about post-release control at the time of sentencing could conduct a hearing and then file a corrected judgment entry at any time before the

-2-

defendant was released from prison. However, in *State v. Singleton* (2009), 124 Ohio St.3d 173, 920 N.E.2d 958, the Ohio Supreme Court refused to give retroactive effect to R.C. § 2929.191, holding instead that for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts must conduct a *de novo* sentencing hearing. *Singleton*, 124 Ohio St.3d at 180, 920 N.E.2d 958; see also *State v. Bezak* (2007), 114 Ohio St.3d 94, 868 N.E.2d 961, modified in part by *State v. Fischer* (2010), 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. In *State v. Barnes, supra*, the Ohio Supreme Court determined that resentencing to include statutorily-mandated periods of postrelease control did not offend the Double Jeopardy Clause nor the Due Process Clause.

The syllabus in *Bezak* was ultimately modified in *Fischer* to read that the new sentencing hearing to which a defendant is entitled under *Bezak* is limited to the proper imposition of post-release control. However, the hearing at issue in the case *sub judice* was conducted prior to the Ohio Supreme Court's decision in *Fischer*.

With the foregoing summary of Ohio case law in mind, the hearing at issue in the petition proceeded as follows: According to the journal entry memorializing the hearing at issue in this case, Petitioner waived his right to appear in person, appearing instead by video-conference. ECF Dkt. #6-8, Page ID#262. At the resentencing hearing, Petitioner was represented by Rufus Sims. *Id.* The trial court stated, "We received a notice from the Ohio Department of Rehabilitation and Correction that pursuant to *State v. Barnes, [supra]* the Ohio Supreme Court held: 'In order to impose a mandatory term of Post-Release Control the sentencing Court must notify the defendant at the sentencing hearing of the mandatory nature of Post-Release Control and the duration of Post-Release Control supervision." ECF Dkt. #6-8, Page ID#265. The trial court then notified Petitioner that he was not subject to post-release control on the murder conviction because murder is an unclassified felony. ECF Dkt. #6-8, Page ID#266. The trial court further informed Petitioner that he was not subject to post-release control on the weapon under disability conviction because his six-month sentence on that conviction had expired, and Petitioner had not been informed about post-release control prior to the expiration of that sentence. *Id.* The trial court did not impose sentence nor did the trial court inform Petitioner of his appellate rights.

> Thereafter, the following colloquy occurred between the trial court and Petitioner:
>
> Petitioner: Due to the fact that that's not apply-able [sic] to my sentence, does that mean my sentence is void?
>
> The Court: Mr. Crosby, your sentence is not void.  You're done serving your sentence for having a weapon under disability, the other count you were sentenced on, You will not be under Post-Release Control for having a weapon under disability, but you will still serve your time for your murder conviction.
>
> Petitioner: Can I receive counsel in this matter?
>
> The Court: No. Were done.

ECF Dkt. #6-8, Page ID#267.

The journal entry memorializing the hearing reads, in its entirety, "Defendant is Court, via video conferencing, counsel Rufus Sims present.  Prosecutor(s) Thorin Freeman present.  Court reporter Juliann Adams present.  Video hearing held for advisement of PRC. Defendant waives right to be present.  Defendant not subject to PRC on Count 1.  Defendant not advised of PRC on Cpunt [sic] 2 because sentence was already served."  ECF Dkt. #6-8, Page ID#262.

On June 22, 2010, Petitioner, filed a *pro se* notice of appeal to the Eighth District Court of Appeals. ECF Dkt. #6-8, Page ID#269-271. On that same date, he filed a motion for appointment of counsel and transcript at State's expense. ECF Dkt. #6-8, Page ID#272.

On September 1, 2010, the Court of Appeals denied Crosby's motion for appointment of counsel and transcript and dismissed the appeal, *sua sponte*, without further explanation. ECF Dkt. #6-8, Page ID#277,278.  On September 17, 2010, Crosby filed a motion for reconsideration. ECF Dkt. #6-8, Page ID#279-280. On September 21, 2010, the court denied the motion for reconsideration stating that the appeal was dismissed as moot. ECF Dkt. #6-8, Page ID#281. Crosby's subsequent motion for leave to reinstate appeal was also denied. ECF Dkt. #6-8, Page ID#282-286, 287.

On November 10, 2010, Crosby filed a notice of appeal and a motion for leave to file a delayed appeal with the Ohio Supreme Court. ECF Dkt. #6-8, Page ID#288-290, 291-302. The motion for delayed appeal was granted. ECF Dkt. #6-8, Page ID#303. In his memorandum in support of jurisdiction, Crosby set forth four propositions of law:

> I. The Appellant was denied his due process and equal protection rights guaranteed by the Fourteenth Amendment in the United States Constitution when the court of appeals *sua sponte* dismissed a timely filed appeal, without good cause by a marginal entry.
>
> II. The Appellant was denied his Sixth and Fourteenth Amendment right to counsel when the court of appeals denied Appellant Crosby's request for counsel on direct appeal.
>
> III. The Appellant was denied his Sixth and Fourteenth Amendment right to counsel when the trial court held a sentencing hearing without allowing the Appellant and his counsel an opportunity to console [sic] with each other before the sua sponte sentencing hearing.
>
> IV. Where a criminal defendant is not apprised of his right to be present at all critical states of the proceedings and the defendant did not knowingly and voluntarily waive said right, the Sixth and Fourteenth Amendment precludes defendant's appearance by remote contemporaneous video sentencing hearing contrary to statute.

ECF Dkt. #6-8, Page ID#303-324. The State waived a response. ECF Dkt. #6-8, Page ID#325. On April 6, 2011, the Ohio Supreme Court dismissed the appeal because it did not involve any substantial constitutional questions. ECF Dkt. #6-8, Page ID#326.

## II. 28 U.S.C. § 2254 PETITION

On March 8, 2012, Petitioner, acting *pro se*, filed the instant Petition for a Writ of Habeas Corpus. Ecf Dkt. #1. Petitioner raises the following grounds for relief:

> GROUND ONE:
>
> THE PETITIONER WAS DENIED HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT IN THE UNITED STATES CONSTITUTION WHEN THE COURT OF APPEALS *SUA SPONTE* DISMISSED A TIMELY FILED APPEAL, WITHOUT GOOD CAUSE BY A MARGINAL ENTRY.
>
> GROUND TWO:
>
> THE PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO COUNSEL WHEN THE COURT OF APPEALS DENIED HIS REQUEST FOR COUNSEL ON DIRECT APPEAL.
>
> GROUND THREE:
>
> THE PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO COUNSEL WHEN THE TRIAL COURT HELD A SENTENCING HEARING WITHOUT ALLOWING THE APPELLANT AND HIS COUNSEL AN OPPORTUNITY TO CONSOLE (SIC) WITH EACH OTHER BEFORE THE SUA SPONTE SENTENCING HEARING.

> GROUND FOUR:
>
> PETITIONER WAS DENIED COUNSEL AT A CRITICAL STAGE.
>
> GROUND FIVE:
>
> WHEN AN INDIGENT DEFENDANT IS NOT INFORMED OF HIS RIGHT TO APPEAL AND THE RIGHT TO COUNSEL, THE DEFENDANT IS DENIED HIS SIXTH AMENDMENT RIGHTS TO COUNSEL AND HIS DUE PROCESS RIGHT TO A FREE COPY OF HIS TRANSCRIPTS.

ECF Dkt. #1.

### III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

#### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. §2244(d)(1). Respondent conceded that the AEDPA statute of limitations is not at issue in this case, and further concedes that the petition does not constitute a second successive petition.

#### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other*

*grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)(state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000)(even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000)(where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490

U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).  The above standards apply to the Court's review of Petitioner's claims.

### IV.     **STANDARD OF REVIEW**

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 8, 2012, well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus.  The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ

> if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:
>
> > 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
> >
> > 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or
> >
> > 3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or
> >
> > 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that

-11-

> > court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court recently observed:

Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

-12-

*Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

## V. ANALYSIS

Grounds One and Two are predicated upon the Eighth District's failure to appoint appellate counsel for Petitioner in the appeal of the hearing and journal entry, and the dismissal of that appeal *sua sponte*. Grounds Three and Four are predicated upon the trial court's refusal to allow Petitioner to consult with his counsel after the hearing. Ground Five is predicated upon the trial court's failure to inform Petitioner that the journal entry was subject to appeal. Because the resolution of Grounds One and Two turn on the resolution of Grounds Three, Four, and Five, Grounds Three, Four, and Five should be resolved first.

### A. Grounds Three and Four

**THE PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO COUNSEL WHEN THE TRIAL COURT HELD A SENTENCING HEARING WITHOUT ALLOWING THE APPELLANT AND HIS COUNSEL AN OPPORTUNITY TO CONSOLE (SIC) WITH EACH OTHER BEFORE THE SUA SPONTE SENTENCING HEARING.**

**PETITIONER WAS DENIED COUNSEL AT A CRITICAL STAGE.**

After the adversary judicial process has been initiated, a criminal defendant has a Sixth Amendment right to counsel to assist him "at all 'critical' stages of the criminal proceedings . . .because of the effect it has on the ability of the accused to receive a fair trial." *Ayers v. Hudson*, 623 F.3d 301, 308–309 (6th Cir.2010) (quoting *Montejo v. Louisiana*, 556 U.S. 778, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009) and *Mickens v. Taylor*, 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002)). A "critical stage" is one where there is a reasonable likelihood that counsel's absence will result in substantial prejudice to the defense, meaning that "an opportunity may be irretrieveably lost, or material may come out that may be incurably damaging," *Van v. Jones*, 475 F.3d 292, 313–15 (6th Cir.2007), or that the results "might well settle the accused's fate and reduce the trial itself to a mere formality." *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A "critical stage," such as "arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea," *Missouri v. Frye*, __U.S. __, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012), presents "grave potential for prejudice, ... which may not be

capable of reconstruction at trial, and ... counsel['s presence] itself can often avert prejudice and assure a meaningful confrontation at trial ." *Wade*, 388 U.S. at 236.

Grounds Three and Four should be rejected for two reasons. First, Petitioner was represented by counsel at the hearing. Second, to the extent that Petitioner requested to consult with his counsel after the hearing was completed, it was not a "critical stage" of the proceedings as that phrase has been defined by the Supreme Court. In other words, Petitioner has not articulated any prejudice he suffered by his inability to consult with his attorney after the hearing was concluded. The same is true for Plaintiff's inability to consult with his attorney prior to the hearing.

Furthermore, to the extent that Petitioner contends that the hearing at issue was a resentencing hearing, he is mistaken. The trial court did not impose sentence at the hearing, nor did the trial court inform Petitioner of his appellate rights. Instead, the trial court merely informed Petitioner of his postrelease control.

Petitioner argues in his traverse that the hearing was contrary to the Ohio Supreme Court's holding in *Bezak*. Petitioner writes, "According to the case law in *Singleton,* the Supreme Court of Ohio held an improper sentencing hearing conducted prior to H.B. 137 mandates [sic] a *de novo* sentencing hearing since the current sentence is a nullity. Hence, the state trial court was mandated by Ohio law on May 24, 2010 to conduct a *de novo* sentencing hearing since [Petitioner's] previous sentence must be held as a nullity for the post release control violation; therefore, the sentencing hearing held by the trial court must be considered a critical stage." ECF Dkt. #12 at PageID#344. In other words, Petitioner alleges a violation of Ohio law. However, violations of state law are not cognizable on habeas review. The alleged failure to comply with state law does not amount to an actionable claim on habeas review. See, e.g., *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).

Insofar as Petitioner was represented by counsel at the hearing, he has stated no Sixth Amendment violation, and, as a consequence, no decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. Accordingly, the undersigned recommends that the Court find that Grounds Three and Four are meritless.

-14-

### B. Ground Five

**WHEN AN INDIGENT DEFENDANT IS NOT INFORMED OF HIS RIGHT TO APPEAL AND THE RIGHT TO COUNSEL, THE DEFENDANT IS DENIED HIS SIXTH AMENDMENT RIGHTS TO COUNSEL AND HIS DUE PROCESS RIGHT TO A FREE COPY OF HIS TRANSCRIPTS.**

Petitioner failed to raise the issues in Ground Five before the Ohio Supreme Court. "A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas corpus claims by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claims to the state courts; unexhausted claims will not be reviewed by the federal court." *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 430–31 (6th Cir.2006) (citing *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir.2004) (other citations omitted)). More specifically, the failure of a state inmate to appeal a claim to the Supreme Court of Ohio constitutes a procedural default on habeas review. See *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D.Ohio 2002). To overcome this bar on habeas review, a petitioner must present cause for the default and actual prejudice or actual innocence. *Murray v. Carrier*, 477 U.S. 478 (1986); *Fornash v. Marshall*, 686 F.2d 1179 (6th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983). Petitioner asserts no cause for his failure to raise the claim. Accordingly, the undersigned recommends that the Court find that Petitioner is procedurally barred from challenging the trial court's failure to inform him of his appellate rights at the resentencing hearing.

In the alternative, the issue raised in Ground Five has no merit. In *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court held that there exists a right to counsel on direct appeal under the equal protection clause of the Fourteenth Amendment. *Id.* As previously stated, the hearing at issue was not a resentencing hearing, and, as a consequence, did not constitute a part of Petitioner's direct appeal. In other words, to the extent that the journal entry constituted a non-appealable order, Petitioner had no right to appeal, and, as a result, no right to be informed of a right to appeal. Accordingly, the undersigned recommends

that the Court find that Ground Five has been procedurally defaulted, or, in the alternative, Ground Five has no merit.

### C. Grounds One and Two

Finally, to the extent that Plaintiff has stated no constitutional violation in Grounds Three, Four, and Five, the Eighth District Court of Appeals' decisions to deny his request for appellate counsel and dismiss his appeal as moot are not contrary to, nor do they involve an unreasonable application of, clearly established Federal law. The journal entry constituted a non-appealable order because it did not alter the original sentence, and, as a consequence, the court of appeals did not violate any of Petitioner's constitutional rights when it denied his motion for appointment of counsel and denied the appeal as moot. Accordingly, the undersigned recommends that the Court find that Grounds One and Two have no merit.

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: November 30, 2012  */s/ George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).