**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAVALAS CROSBY,** | ) | **CASE NO. 1: 12 CV 762** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **MARGARET BRADSHAW, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Limbert (Doc. 13) recommending that the Court dismiss petitioner's pending Petition for a Writ of *Habeas Corpus*. Petitioner has filed objections to the Report and Recommendation. For the reasons stated below, the Report and Recommendation is accepted.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), the district court reviews *de novo* "any part of [a] magistrate judge's disposition that has been properly objected to." "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

1

**Background**

As explained by the Magistrate Judge in his Report and Recommendation, the pending petition pertains to a hearing held in state court on May 24, 2010. Petitioner had been convicted and sentenced in state court on one count of murder with a three-year firearm specification and one count of having a weapon under a disability in 2002. Petitioner challenged his conviction and sentence in a *pro se habeas* petition filed in this Court on February 23, 2006. This Court dismissed the petition as untimely on May 5, 2007.

On May 24, 2010, a video conferencing hearing was held in petitioner's state court case for purposes of advising petitioner regarding post-release control. Petitioner's counsel, Rufus Sims, and the prosecutor were present at this hearing.

> The trial court stated at the hearing:
>
> We received a notice from the Ohio Department of Rehabilitation and Correction that pursuant to *State v. Barnes*, [122 Ohio St.3d 200, 909 N.E.2d 1254 (Ohio 2009)], the Ohio Supreme Court held: "In order to impose a mandatory term of Post-Release Control the sentencing Court must notify the defendant at the sentencing hearing of the mandatory nature of Post-Release Control and the duration of Post-Release Control supervision."
>
> Petitioner was not subject to Post-Release Control on the offense of murder, as it an unclassified felony. On the other count he was found guilty of having a weapon under a disability. His sentences ran on that [count] and he would not be subject to Post-Release Control as he was not advised of it prior to the termination, conclusion of his principal sentence.
>
> We'll put an order on advising Mr. Crosby by way of the docket that he will not be subject to Post-Release Control following the completion of his sentence to having a weapon under a disability.

The trial court then asked defense counsel and the prosecutor if there was anything further, and defense counsel stated "no." Thereafter, the following colloquy occurred between petitioner and the trial court:

>Petitioner: Due to the fact that that's not apply-able [sic] to my sentence, does that mean my sentence is void?
>
>The Court: Mr. Crosby, your sentence is not void. You're done serving your sentence for having a weapon under disability, the other count you were sentenced on. You will not be under Post-Release Control for having a weapon under a disability, but you will still serve your time for your murder conviction.
>
>Petitioner: Can I receive counsel in this matter?
>
>The Court: No. We're done.

The trial court's journal entry of May 24, 2010 states:

>Defendant in Court, Via Video Conferencing, Counsel Rufus Sims Present.
>Prosecutor(s) Thorin Freeman Present.
>Court Reporter Juliann Adams Present.
>Video Hearing Held for Advisement of PRC.
>Defendant Waives Right to be Present.
>Defendant Not Subject to PRC on Count 1.
>Defendant Not Advised of PRC on C[ount] 2 Because Sentence Was Already Served.

Petitioner appealed the trial court's May 24, 2010 journal entry to the Ohio Court of Appeals and filed motions with the Court of Appeals for appointment of counsel and for a transcript. The Ohio Court of Appeals denied petitioner's motions and dismissed petitioner's appeal *sua sponte* without further explanation. Petitioner then filed a motion for reconsideration, which the Ohio Court of Appeals also denied, stating that the appeal was dismissed as moot. A subsequent appeal by petitioner to the Ohio Supreme Court was dismissed for lack of a substantial constitutional question.

On March 8, 2012, petitioner filed this *habeas* petition *pro se* asserting five grounds for relief: (1) he was deprived of his due process and equal protection rights guaranteed by the Fourteenth Amendment when the Ohio Court of Appeals *sua sponte* dismissed his timely appeal without good cause by a marginal entry; (2) he was deprived of his Sixth and

3

Fourteenth Amendment rights to counsel when the Court of Appeals denied his request for counsel on direct appeal; (3) he was deprived of his Sixth and Fourteenth Amendment rights to counsel when the trial court held a sentencing hearing without allowing him and his counsel an opportunity to consult with each other before the *sua sponte* sentencing hearing; (4) he was denied counsel "at a critical stage"; and (5) "When an indigent defendant is not informed of his right to appeal and the right to counsel, the defendant is denied his Sixth Amendment rights to counsel and his Due Process right to a free copy of his transcripts."

**Discussion**

The Magistrate Judge considered and rejected all of petitioner's claims.  The Magistrate Judge found that grounds three and four of the petition lacked merit because petitioner *was* represented by counsel at the May 24, 2010 hearing.  In addition, the Magistrate Judge found that the hearing did not constitute a "critical stage" of the proceedings, as petitioner did not articulate any prejudice he suffered by his inability to consult with his counsel either before or after the May 2010 hearing during which petitioner was not sentenced but merely informed as to post release control.

The Magistrate Judge found ground five to be procedurally barred as petitioner did not raise the issue raised in ground five before the Ohio Supreme Court.  Alternatively, the Magistrate Judge found the issue raised in ground five to lack merit, reasoning that because plaintiff was not sentenced at the hearing, it did not constitute a part of petitioner's direct appeal.  Therefore, "to the extent that the journal entry constituted a non-appealable order, Petitioner had no right to appeal, and, as a result, no right to be informed of a right to appeal." (R&R at 15.)

4

Finally, the Magistrate Judge found grounds one and two, predicated on the Ohio Court of Appeals' dismissal of his appeal *sua sponte* and denial of his motion for appointed counsel, to lack merit.  The Magistrate Judge found that the decisions of the Ohio Court of Appeals were not contrary to or involve an unreasonable application of clearly established federal law.

Petitioner broadly objects to each and every finding made by the Magistrate Judge. The specific objections he makes are that the May 24, 2010 hearing is a critical stage of the proceeding such that he was entitled to a right to counsel and to be physically present at the hearing; the Magistrate Judge's finding that he failed to appeal his asserted ground five to the Ohio Supreme Court is incorrect; and the Magistrate Judge incorrectly determined that the Ohio Court of Appeals' decisions were not contrary to or involve an unreasonable application of clearly established federal law.

Upon review, however, the Court agrees with the determinations of the Magistrate Judge.  The Magistrate Judge correctly found that the pending petition lacks merit.

**Conclusion**

The Report and Recommendation of Magistrate Judge Limbert is accepted.  For the reasons stated by the Magistrate Judge in the Report and Recommendation, the pending petition for a writ of *habeas corpus* is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c)(; Fed. R. App. P. 22(b).

     IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Judge

Dated: 4/25/13